IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>RUSSELL MYERS,<br><br>    Defendant. | Case No: 24-05021-01-CR-SW-SRB |

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by and through Jeffrey P. Ray, United States Attorney for the Western District of Missouri, and undersigned counsel, respectfully submits this sentencing memorandum in the above-captioned matter, set for a sentencing hearing on April 8, 2025. For the reasons set forth below, the Government recommends that this Court sentence the defendant, Russell Myers, to 600-months' imprisonment, followed by a life-term of supervised release.

### I. FACTUAL BACKGROUND

On February 6, 2024, Cyber Tipline Report (CTR) # 186573294 was transmitted to law enforcement by the National Center for Missing and Exploited Children (NCMEC). The CTR was generated by MeetMe.com on February 6, 2024, after chat history detailing possible child molestation was discovered on their platform. The CTR included the chat history between the defendant, Russell Myers, and another individual.

During the exchange of messages, the defendant transmitted messages stating that he wanted to engage in sexual intercourse with a particular child, that he performs sexually

explicit acts upon the child "almost daily," and that the last such incident was "2 weekend ago." In other messages contained in the CTR, the defendant advised other users that he liked young children and inferred that he was engaged in sexual contact with a boy and girl. During a chat with another participant, the defendant was asked, "Would u lick a four year old?" The defendant responded, "Yes." The defendant then acknowledged that he had already performed that act, "but they were asleep."

On February 6, 2024, an exigent information request was sent to CableOne/Sparklight for the subscriber information for the Internet Protocol (IP) address associated with the Meetme.com messages described above. CableOne/Sparklight identified the service address for the IP Address in question as a residence in Joplin, Missouri.

On February 20, 2024, a search warrant issued by the Circuit Court for Jasper County, Missouri, was executed at the defendant's residence. The defendant was not located at the residence. Information gathered on scene indicated that the defendant along with his wife and children, were located at a local restaurant. The defendant, his wife, and two children were subsequently located and contacted.

The defendant was questioned after being advised of his *Miranda* rights. The defendant admitted that he engaged in "taboo" chat exchanges via the internet, but was otherwise evasive concerning his sexual abuse of children.

On February 20, 2024, forensic interviews with two children, 11-year-old Jane Doe, and 9-year-old John Doe, were conducted by a Department of Homeland Security Forensic Interviewer. During the interview, Jane Doe disclosed the defendant forced her to touch

2

his penis and move her hand "back and forth." John Doe advised the interviewer that the defendant would touch the victim's penis and "play with it." Additionally, John Doe further noted that the defendant "does it without permission" and that the defendant "took a picture pulling my winkie."

Computer Forensic Examiner (CFE) Larry Roller located over 100 image and video files depicting child pornography on the defendant's cellular telephone. A significant number of the files included depictions of children ranging from prepubescents to infants being sexually abused. CFE Roller determined that the illicit imagery was transmitted by the defendant between January 26, 2024, and February 20, 2024. Sexually explicit images depicting Jane Doe and John Doe were also located during the search and are described as follows:

a. A file entitled "picture20240217_192540_.jpg" is a still image depicting Jane Doe nude in a bathtub.

b. A file entitled "picture20240217_193132_.jpg" is a still image depicting Jane Doe completely nude standing in what appears to be a laundry room. The child's vagina is the camera's focus.

c. A file entitled ".trashed-1710893106-IMG_20240218_180328_080.jpg" is a still image depicting John Doe nude from the waist down. The child is laying on his back and the focus of the camera is on his penis.

## II. ARGUMENT

The defendant is now scheduled to appear before the Court for sentencing after pleading guilty to two counts of sexual exploitation of children, in violation of 18 U.S.C.

§ 2251(a). Given the enormity of the defendant's heinous criminal acts perpetrated against two young children, the Government respectfully suggests that the Court impose a sentence of 600-months' imprisonment, followed by a life-term of supervised release.

## Statutory and Guidelines Calculations

The United States Sentencing Guidelines are now advisory, but they remain "the starting point and the initial benchmark" in sentencing. *Gall v. United States,* 552 U.S. 38, 49-50 (2007). The Guidelines must be properly calculated and considered, but ultimately the Court must craft a sentence that sufficiently accounts for the sentencing factors and objectives outlined in 18 U.S.C. § 3553(a). *Id*. at 49-50.

The final presentence investigation report, filed on February 6, 2025, reports that the defendant's advisory guideline range of imprisonment is life imprisonment, based on a total offense level of 43, and a criminal history category I. The statutory maximum sentence, however, is 360-months' imprisonment as to each count, lowering the guideline term of imprisonment to 720 months. Further, the defendant is subject to a period of supervised release of not less than five years. There are no objections to the presentence report.

### A. Statutory Sentencing Factors

#### 1. Nature and Circumstances of the Offense

The defendant sexually abused two prepubescent children over the course of months, if not years, produced sexually explicit photographs of the children, and bragged about the abuse to untold numbers of like-minded individuals via the internet. It is not known whether the defendant transmitted images depicting his victims to other individuals.

When confronted by the investigators, the defendant was uncooperative and refused to acknowledge the full scale of his crimes.

The nature and circumstances of this offense demand an exceptionally lengthy sentence to satisfy the ends of justice.

### 2. History and Characteristics of the Defendant

The defendant has prior conviction for domestic battery and resisting a peace officer. More disturbingly, the defendant was charged with sexual battery of a five-year-old child, and later was investigated for sexually assaulting three other minors. The defendant also indicated in messages recovered during the investigation that he had previously sexually assaulted other children.

### 3. Need to Promote Respect for the Law

The defendant's convictions for assaulting his ex-wife and resisting arrest strongly suggest that the defendant has little respect for the law. The defendant's crimes perpetrated against multiple children demonstrate a radical departure from societal norms and a complete lack of basic human decency.

### 4. Need to Afford Adequate Deterrence to Criminal Conduct

A sentence of 600-month imprisonment will unquestionably prevent the defendant from committing additional crimes for the length of his incarceration. Presumably, the recognition that there is a serious consequence for failing to abide by the law will deter the defendant and others from committing future illegal acts.

## 5. Need to Protect the Public from Further Crimes of the Defendant

The defendant presents a clear and ongoing danger to the community. The defendant has subjected at least two children to unimaginable injury. These children deserve certainty that the defendant will never have the opportunity to harm them or other children ever again.

## III. CONCLUSION

The sentence imposed on the defendant must necessarily protect the public from the defendant's predations, afford an adequate deterrence to criminal conduct, reflect the seriousness of the offense, promote respect for the law, and, perhaps most importantly, provide just punishment for the offense. Given the egregious nature of the crime, the degree of harm inflicted upon his victims, and the extraordinary degree of inhumanity exhibited by the defendant, the Government respectfully suggests that the Court impose a 600-month term of imprisonment, followed by a life-term of supervised release.

Respectfully submitted,

Jeffrey P. Ray
United States Attorney

*/s/ James J. Kelleher*
JAMES J. KELLEHER
Assistant United States Attorney
Western District of Missouri
901 St. Louis Street, Suite 500
Springfield, Missouri 65806
(417)831-4406

## CERTIFICATE OF SERVICE

I hereby certify that on this the 26th day of March, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent e-mail notification of such filing to all CM/ECF participants in this case.

*/s/ James J. Kelleher*
JAMES J. KELLEHER